### McINTOSH v. THE CITY OF CHARLESTON.

CORPORATION—WILLS—DEVISE—CITY OF CHARLESTON.—In this State a corporation may take and hold real estate by devise under the general authority to hold, purchase, receive, alienate, &c., in the absence of legislative restraint, and such authority being conferred on the city of Charleston by its charter, it may become a devisee.

Before WATTS, J., Charleston, May, 1895.    Reversed.

Action by William McIntosh and William J. McIntosh, as executors of the will of John Thomson, against the city of Charleston and the heirs of John Thomson, for sale of real estate in aid of assets, and for determining the validity of a devise to the city of Charleston. The Circuit Judge decided the devise to the city of Charleston void. The city of Charleston appeals on the following exceptions:

1st. Because his Honor erred in holding that at common law a corporation could not take devises of lands without license from the crown in England, and in this State, without grant from the legislature.

2d. Because the Court erred in holding, that the city of Charleston could not, under the terms of its charter, take a devise of land, after the repeal of the section of the act of Assembly, 1733, which deprived the owners of lands of the power of devising the same to bodies politic or corporate.

3d. Because the feudal policy having changed the ancient common law of England, and deprived the owners of lands of the power of devising the same, the statute of 1733 was an enabling statute and the exception as to corporations was strictly only an exception and not a prohibition, and the Court should have held that this exception, having been repealed by the act of 1872, at the time of testator's death, he had the legal right to devise his real estate to the city of Charleston, and the city had the corresponding right to accept the devise and to take, hold, and receive the same.

4th. Because the Court erred in holding that the devise of John Thomson to the city of Charleston was void.

*Mr. Charles Inglesby*, for appellant.

*Messrs. Mordecai & Gadsden* and *Benj. H. Rutledge*, contra.

Feb. 21, 1896. The opinion of the Court was delivered by

Mr. Justice Gary. John Thomson, of the city of Charleston, S. C., died in March, 1893, leaving a last will and testament, wherein he devised and bequeathed certain pieces of real estate, to devisees therein mentioned, certain sums of money to some of his relatives, a certain sum of money to his executors, and the balance of his estate to the city of Charleston. The will was duly admitted to probate. The issue in the case is between the heirs at law of John Thomson and the city of Charleston as to the validity of the devise to the said city. The Circuit Judge decided that the devise to the city of Charleston was null and void.

The city of Charleston appealed from the decree of his Honor, the Circuit Judge, upon the exceptions which will be incorporated in the report of the case.

The respondents gave notice that they would ask this Court to sustain the decree of his Honor, the Circuit Judge, upon the additional grounds, that the words, "balance of my estate," do not include real estate, and that the corporation, the "city of Charleston," is a different corporation from the "City Council of Charleston." These additional grounds have, however, been withdrawn.

The city of Charleston was incorporated in 1783. The charter of the city provides that the said corporation "shall be capable in law to purchase, have, hold, receive, enjoy, possess, and retain to them and their successors, for the use of the city of Charleston, in perpetuity or for any term of years, any estate or estates, real or personal, messuages, lands, tenements or herediments of what kind or nature soever, within the limits of the said city, * * * and to sell, alien, exchange or lease the same, or any part thereof, as they shall think proper." In 1712 the statutes of wills,

44—45

32 and 34 Henry VIII., were re-enacted by the legislature of this State, the first clause of which is as follows: "That all and singular every person and persons having any estate or interest in fee simple, * * * shall and may have full power, free liberty and authority to give, dispose, will or devise to any person or persons (except bodies politic and corporate) by his last will and testament in writing, &c." Ch. Wardlaw, giving a reason for the re-enactment of these statutes in 1733 and 1734 (they are twice printed in third statute and of the successive years, at pages 341 and 382), in *Am. Bible Society* v. *Noble*, 11 Rich. Eq., 200, says: "The surrender of the charters to the king about 1727 brought lands here under the common law of England. * * * Hence arose the necessity of passing the act of 1733, briefly, after the surrender of the charters." In 1789, the General Assembly passed an act which is our present statute of wills, the first clause of which is as follows: "That any person having right or title to any lands, tenements or hereditaments whatsoever, * * * may dispose thereof by will in writing, at his or her own free will or pleasure, &c." The statutes of 32 and 34 Henry VIII. were repealed by their titles in 1872 by the general repealing clause set forth in the Rev. Stat. of 1873.

His Honor, the Circuit Judge, in his decree, holds that as the present statute of wills does not provide who may be devisees, we must look to the common law to determine whether the city of Charleston can take and hold the real estate devised to it. He also holds that as the city of Charleston could not take by devise when it was incorporated in 1783, the repeal of the statutes of wills, 32 and 34 Henry VIII., and the substantial re-enactment of the provisions of the said statutes, except the prohibition against corporations taking by devise, did not confer upon the city of Charleston the right to take by devise under the will herein mentioned. Let us see what right the city of Charleston has to take land by devise, in the absence of

the provision in our present statute of wills, as to who may be devisees.

Even before the conquest, lands were devisable by will, and restraints against devising, which took place upon the introduction of the military tenues, as a branch of the feudal doctrine of non-alienation, without the consent of the lord, find no reason for any support in this country. After the conquest, the Saxon spirit of liberty, in certain sections of the country, prevented the uniform enforcement of this feudal doctrine. Angell & Ames on Corporations, section 177, says: "In those States whose statute of wills do not contain the exceptions above, we need hardly add that corporations are capacitated to take by devise under the words '*person* or *persons*,' and the like; and this view is confirmed by the words of the English statutes of wills, which empower every person having a sole estate in fee simple to give his manors, etc., *to any person or persons*, *except to bodies politic and corporate*." Dillon on Municipal Corporations, at paragraph 366, says: "Municipal and public corporations may be objects of public and private bounty. This is reasonable and just. They are in law clothed with the power of individuality. They are placed by law under various obligations and duties. Legacies of personal property, devises of real property, and gifts of either species of property directly to the corporation, and for its own use and benefit, intended to, and which have the effect to, ease them of their obligations, or lighten the burdens of their citizens, are valid in law, *in the absence of disabling or re-straining statutes*" (italics ours). The following language is found in Grant on Corporations, pages 112–3, to wit: "The act of 7 Will. 4 & Vict., c. 26, has repealed 34 and 35 Hen. VIII., c. 5, and has not revived the prohibition against the corporations taking real estate by devise. At present, therefore, the law is, that every corporation which is empowered by license in mortmain to take and hold real property at all, may take it by way of devise to the extent of its license, as well as by any other means, but that no corporation

without such license can take real estate by devise any more than before the late wills act. For it is necessary to bear in mind that the operation of the statute last mentioned was to repeal the exception in the old statute of wills, which alone rendered corporations incapable of taking by devise to their own use; and that the repeal of that statute has replaced corporations in the situation, in this respect, in which it stood before its enactment, with this difference in their favor, that the right of *thus* devising to them is quite unrestricted, except by the extent of their licenses in mortmain." In the 4th Am. & Eng. Ency., 235, it is said: "It has been well pointed out, however, that a distinction should be observed between those laws whose object is to regulate corporations in respect to their power of acquiring and holding property, and laws whose object is to restrict the power of testators to dispose of their property. Where a corporation of another State is generally competent to take land, the prohibition in the statute of wills of the State in which it was created against all devises of lands to corporations, does not prevent it from taking and holding land in another State by devises of one of its citizens. The statute was intended to regulate the testamentary power of citizens of that State, and to define the capacity of testators, and not of corporations. * * * Where the statute of wills does not except bodies politic and corporate from its privileges, corporations are competent to take by devise under the words 'person or persons,' and the like," &c.

Morawitz on Corporations, section 332, says: "A distinction should be observed between laws whose object is to regulate corporations, in respect of their power of acquiring and holding property, and laws whose object is to restrict the power of testators to dispose of their property. Laws of the former description are enacted in pursuance of a general policy of preventing corporations from acquiring the ownership of real estate, in the absence of express authority from the State. But laws prohibiting devises to corporations are intended to restrict the testamentary capacity of

testators, and their object in many instances is to prevent
testators from being driven, by the improper use of religious
influence, to devise their property to religious institutions,
and thus disinherit their heirs." The same author, in sec-
tion 333, also says: "A provision in the charter prohibiting
a corporation from receiving property by devise will be
recognized and given effect in other States. But a law
restricting the testamentary capacity of testators can have
no force outside of the State by which it is passed. Ac-
cordingly, it has been held that a devise made in New York
to a foreign corporation, is void by operation of the statute
of wills of New York, although the corporation had author-
ity by its charter to receive the devise. But a New York
corporation can take by devise in Connecticut, although the
devise would be prohibited if made in New York; and the
reason of this is, that the corporation carries with it its
charter, but not the law of devise in New York." In 1st
Jarman on Wills, chap. 5, page 180, 5th Am. ed., the author
says: "The statutes of 34 Henry VIII., c. 5, expressly ex-
cepted out of its enabling clause devises to bodies politic
and corporate; and, accordingly, it was held that a devise
to a corporation, whether aggregate or sole, either for its
own benefit or as trustee was void; and the lands so devised
descended to the heir, either beneficially or charged with
the trust, as the case might be. The statutes, 1 Vict., c. 26,
contains no such prohibition, the legislature having con-
tented itself with regulating and defining the powers and
capacities of testators, without in any manner interfering
with or attempting to define the capacities of persons to
take under testamentary dispositions, which it has left to
be ascertained and determined by the application of the
general principles of law. (Now, according to these prin-
ciples, corporations have capacity to *take* lands, though,
without a sufficient license in that behalf, they cannot re-
tain them. Their incapacity to *take* lands by devise was a
consequence of the exception in the statute of Henry; and
since the act, 1 Vict., c. 26, has repealed that statute with-

out reviving the prohibition, they are now as capable of taking by devise as natural persons. But, as in cases of acquisition by other means, a proper license is needed to enable them to hold.") These authorities show that the city council, in the absence of legislative restraint, has the right to take and hold lands by devise *under the will.* Furthermore, the power of the city council to *hold* lands is conferred by express legislative enactment in the charter of the city of Charleston.

The case of *Am. Bible Society* v. *Noble,* 11th Rich. Eq., 156, is relied upon by the respondents to show that the city council cannot take by devise. That case was decided upon facts very different from those in this case, and it seems to us, if controlling at all, is in favor of the appellants. When that case was decided, the statutes of wills, 32 and 34 Henry VIII., were of force, prohibiting corporations from taking by devise, and the Court held that the said statutes and that of 1789 (our present statute of wills) were not inconsistent. The statutes, 32 and 34 Henry VIII., were, however, repealed in 1872, and as their provisions as to such devises were substantially re-enacted in our present statute of wills, except the clause prohibiting corporations from taking lands by devise, it may be reasonably supposed that the legislature intended that corporations should take lands by devise. We are of the opinion that the city of Charleston has the power to take and hold under the devise mentioned in the will.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.